CHILD IN CUSTODY — BAIL
A child in custody prior to an order of adjudication is entitled to bail regardless of whether the child is alleged to be "delinquent" or "in need of supervision". The Attorney General has considered your opinion request wherein you ask the following question: "Is a child alleged to be in need of supervision and held in detention prior to an order of adjudication entitled to bail?" Title 10 O.S. 1112 [10-1112](c) (1971) provides: "Prior to the entry of an order of adjudication, any child in custody shall have the same right to be released upon bail as would an adult under the same circumstances." Article II, Section 8 of the Oklahoma Constitution provides: "All persons shall be bailable by sufficient sureties, except for capital offenses where the proof of guilt is evident, or the presumption thereof is great." Title 10 O.S. 1112 [10-1112](c) (1971) has yet to be construed by the Supreme Court of Oklahoma, however, in the case of Trimble v. Stone, 187 F. Supp. 483, wherein the Juvenile Court Act of the District of Columbia was silent on the question of bail, the United States District Court for the District of Columbia said: " . . . True, the Juvenile Court Act is silent on the subject of bail. The higher law of the Constitution, however, prevails. The Eighth Amendment is self-executing and no statute is necessary to implement it. It should be noted that there is no provision in the statute denying the right to bail. The Act is merely silent on this subject. A serious constitutional question would arise if the statute expressly or by necessary implication denied the right to bail. It is clear, therefore, that this issue cannot be determined by a construction of the Juvenile Court Act. The problem must be solved solely on the basis of the Constitution, namely, whether the constitutional right to bail applies in this instance. If it does this privilege must be accorded to this petitioner. . . Manifestly, the Bill of Rights applies to every individual within the territorial jurisdiction of the United States, irrespective of age. The Constitution contains no age limits." The Court concluded that the right to bail exists in cases pending before the juvenile courts that the petitioner should have been admitted to bail. It would be harsh indeed to construe the statute in such a manner as to grant bail to a juvenile who is alleged to have committed a felony and deny bail to a child alleged to be incorrigible or truant. Clearly, the Legislature in enacting the provision did not intend to expressly or by implication deny bail in direct contravention of Article II, Section 8 of the Oklahoma Constitution. It is, therefore, the opinion of the Attorney General that under Section 10 O.S. 1112 [10-1112](c) of Title 10 of the Oklahoma Statutes a child in custody prior to an order of adjudication is entitled to bail regardless of whether the child is alleged to be "delinquent" or "in need of supervision". (Michael Cauthron)